# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SHAWRON MORGAN, | ) Case No. CV 16-5110-DMG (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| DANIEL PARAMO, Warden, | ) |
| Respondent. | ) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On May 8, 2017, Petitioner filed objections to the R. & R., which he seems to believe is the work of the Attorney General. (See, e.g., Objs. at 1 (referring to "Attorney General's Report and Recommendation").)[1] His objections essentially repeat arguments in the Petition. A few of his contentions, however, require a brief discussion.

Petitioner objects to the Magistrate Judge's finding that

---

[1] On August 1, 2017, Petitioner filed a document purporting to contain "supplemental objections" to the R. & R. It appears to be a verbatim copy of his earlier set of objections. (See Aug. 1, 2017 Objs. at 9 (stating that he is "enclosing a copy" of his May 8 Objections "to assure clarity of claims and that all time constraints are met").)

1

the Petition is untimely despite his claim of actual innocence. (See id. at 4-5.) The chief evidence he cites to show his alleged innocence is the declaration of Wandisa Cowart-Morgan. (Id.) But as the Magistrate Judge pointed out (R. & R. at 18-21), Cowart-Morgan's several inconsistent and unsigned declarations dating from years after the events they describe are not credible.

Petitioner also raises objections concerning the admission of Kenneth Naranjo's testimony and the loss of "exculpatory evidence" consisting of clothing allegedly belonging to him that was discarded near the crime scene. (Objs. at 3.) To the extent those contentions are intended as additional support for his actual-innocence claim, they are based on facts known to him at the time of trial and therefore do not affect the application of the AEDPA statute of limitations. Further, they were not raised in the Petition as part of his actual-innocence claim. The Court accordingly declines to consider them for that purpose. See Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (court must exercise discretion in refusing to consider new arguments raised in objections to magistrate judge's report and recommendation).

Petitioner also objects to portions of the Magistrate Judge's adoption of the factual summary from the California Court of Appeal. (Objs. at 1-4.) As the Magistrate Judge pointed out (see R. & R. at 4), the factual summary in a state appellate-court opinion is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1), see Crittenden v. Chappell, 804 F.3d 998, 1010-11 (9th Cir. 2015). That presumption may be rebutted by clear and convincing evidence. Id. Petitioner has not made that

showing, and even if he had there is nothing to suggest that it would affect the application of the one-year statute of limitations to his case. For example, Petitioner objects to the court of appeal's statement that victim John Cho saw a gun in Petitioner's waistband because it was actually victim Shinho Cho who did, he says. (Objs. at 2.) He does not explain how or why that "fact" makes any difference, however.

Finally, Petitioner attempts to bring a claim that the length of his sentence amounts to unconstitutional cruel and unusual punishment. (<u>See</u> <u>id.</u> at 7.) That claim appears nowhere in the Petition. Even if the Court had discretion to consider habeas claims, as opposed to arguments, raised for the first time in objections to an R. & R., <u>see</u> <u>Akhtar</u>, 698 F.3d at 1208; <u>but see</u> <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994) (court need not consider habeas claims raised for first time in traverse), Petitioner's new claim has not been exhausted in state court and is likely time-barred and therefore not appropriate for review, <u>see</u> <u>Marquez-Ortiz v. Sullivan</u>, No. SACV 08-552 ABC (FFM), 2012 WL 294741, at *1 (C.D. Cal. Feb. 1, 2012) (declining to consider habeas petitioner's additional claims raised for first time in objections to report and recommendation in part because they were not exhausted in state court).

Having reviewed de novo those portions of the R. & R. to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that Respondent's motion to dismiss is granted, the Petition is

denied, and Judgment be entered dismissing this action with prejudice.

DATED: December 28 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE